The scanned version of this document represents an exact copy of the original as submitted to the Clerk's Office. The original has not been retained.

STATE OF MICHIGAN
IN THE 17th CIRCUIT COURT FOR THE COUNTY OF KENT

ARTHUR W. HOPEWELL, as
TRUSTEE OF THE JAMES L. HOPEWELL
TRUST u/a/d 12/12/14 and as PERSONAL
REPRESENTATIVE OF THE ESTATE OF
JAMES L. HOPEWELL (DECEASED),

    Plaintiff,

v.

EARL HOPEWELL, an adult individual,

    Defendant.

Case No.:

HON. CURT A. BENSON (P-38891)

---

Erik H. Jesson (P43510)
Van Dam Jesson & Dykstra, PLC
Attorneys for Plaintiff
2010 - 44th Street SE
Grand Rapids, MI 49508
(616) 455-5200

Earl Hopewell
Defendant in Pro Per
1528 East 86th Street
Chicago, IL 60619-6519

---

## COMPLAINT TO DISSOLVE LIMITED LIABILITY COMPANY

This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the Complaint has been previously filed in this court, Kent County Circuit Court, where it was given Case No. 17-07791-CD and assigned to Judge J. Joseph Rossi. The action is no longer pending.

NOW COMES Plaintiff, Arthur W. Hopewell, as Trustee of the James L.

Hopewell Trust u/a/d 12/12/14, and as Personal Representative of the Estate of James

1

EXHIBIT C

L. Hopewell (deceased) and for his Complaint states:

1. Syracuse Enterprises, LLC (hereinafter "Syracuse") is a Michigan Limited Liability Company, created pursuant to the terms of the Michigan Limited Liability Company Act, MCL 450.4101 *et seq.* (hereinafter "MLLCA").

2. Syracuse was formed pursuant to Articles of Organization filed by James L. Hopewell on February 13, 2013. A copy of the Articles of Organization are attached hereto as **Exhibit 1**.

3. In the Articles of Organization, James L. Hopewell was identified as the Registered Agent and Member of Syracuse.

4. James L. Hopewell died on September 16, 2016 and his brother Arthur W. Hopewell was authorized to act as pursuant Personal Representative of James L. Hopewell's estate pursuant to Letters of Authority issued by the Kent County Probate Court on June 29, 2017. A copy of the Letters of Authority is attached hereto as **Exhibit 2**.

5. Arthur W. Hopewell is the current Trustee of the James L. Hopewell Trust u/a/d 12/12/14 (the "Trust").

6. Defendant, Earl Hopewell, is a brother of James L. Hopewell and Arthur W. Hopewell.

7. Defendant, Earl Hopewell, is a resident of the City of Chicago, Illinois.

8. After the death of James L. Hopewell, Arthur W. Hopewell reviewed James L. Hopewell's records and was unable to locate any Membership Agreement,

2

Operating Agreement, or any other document which set forth the terms upon which Syracuse would be operated.

9. Arthur W. Hopewell was unable to locate any Membership Certificates or other records which demonstrated that Earl Hopewell was a Member of Syracuse.

10. The only business conducted by Syracuse was owning and renting to tenants a single family home located at 3669 Alden Nash Avenue, SE, Lowell, Michigan (hereinafter "the Property").

11. The Property which was owned by Syracuse was the former home of the father of James L. Hopewell, Arthur W. Hopewell, and Earl Hopewell.

12. Upon information and belief, James L. Hopewell and Earl Hopewell inherited the Property from their father's estate pursuant to a Deed dated July 16, 2002.

13. James L. Hopewell and Earl Hopewell deeded their interest in the Property to Syracuse pursuant to Deeds which are attached hereto as **Exhibits 3 and 4**.

14. Tenants remained at the Property after the death of James L. Hopewell. Those tenants were evicted pursuant to a Judgment issued by the 63rd District Court on December 19, 2017. A copy of the Judgment is attached hereto as **Exhibit 5**. The Writ to remove the tenants was not issued until 2018.

15. On August 25, 2017, Earl Hopewell filed a lawsuit (hereinafter "the Lawsuit") against the Estate of James Hopewell and Artis Hopewell, individually, in the 17th Circuit Court. That action alleged issues related to the operation of Syracuse.

16. The Lawsuit was resolved pursuant to the terms of an Agreement, a copy of

which is attached hereto as **Exhibit 6**. The Lawsuit was then dismissed with prejudice.

17. Pursuant to the terms of the aforementioned Agreement, the Property was listed and sold and the net sale proceeds were deposited into the client Trust Account of Van Dam Jesson & Dykstra, PLC. See attached copy of Closing Statement, **Exhibit 7**.

18. Syracuse continued to act as a landlord in 2016, 2017 and 2018 and incurred expenses related to the eviction of tenants and other costs associated with maintaining the Property (insurance, taxes, utilities).

19. Syracuse has owned the Property since 2003.

20. The Property sold for $94,000.00 on October 9, 2018 and a check in the amount of $82,519.32 was deposited into the client Trust Account at Van Dam Jesson & Dykstra, PLC on October 11, 2018.

21. Whereas the Parties hereto were unable to locate any Operating Agreement/ Membership Agreement created by James L. Hopewell, an Operating Agreement was created in 2018 in order to allow the Property to be listed and sold. A copy of the Operating Agreement is attached hereto as **Exhibit 8**.

22. Defendant, Earl Hopewell, refuses to cooperate with a proper and orderly dissolution of Syracuse.

23. Even though Syracuse continued operating as a landlord in 2016 and 2017, Earl Hopewell will not consent to hiring a Certified Public Accountant to prepare and file tax returns for 2016 and 2017.

4

24. Even though Syracuse sold the Property in 2018, after owing the Property for fifteen years, Earl Hopewell refuses to consent to hiring an Certified Public Accountant to prepare tax returns for 2018, taking into account any capital gains or losses.

25. Whereas Plaintiff and Earl Hopewell each own 50% of Syracuse, neither party can act unilaterally on behalf of Syracuse.

26. Syracuse is not currently conducting any business.

27. The only assets owned by Syracuse at this time is the money held in the client Trust Account at Van Dam Jesson & Dykstra, PLC and claims for unpaid rent against the tenants that were evicted in 2017-2018.

28. Syracuse owes Plaintiff money for expenses incurred by Plaintiff related to the ownership, maintenance, and sale of the Property.

29. Pursuant to MCL 450.4801(d), the Court may enter a decree of judicial dissolution if an LLC is unable to carry on its business.

30. The only business that Syracuse needs to carry on is to dissolve the LLC and wind down its affairs by preparing tax returns, paying taxes, paying debts, and pursuing potential claims against former tenants.

31. Pursuant to MCL 450.4802, the circuit court for the county in which a Limited Liability Company has it registered office may decree the dissolution of a company if the company is unable to carry on its business.

32. Plaintiff wishes to dissolve Syracuse and take such actions as are necessary and proper to wind down the affairs of Syracuse.

33. Defendant, Earl Hopewell, has disagreed with Plaintiff as to the proper steps

necessary to wind down the affairs of Syracuse.

34. Defendant, Earl Hopewell, has breached the Settlement Agreement (Exhibit 6) by failing to contribute to expenses related to the appraisal of the Property.

35. Plaintiff, Arthur W. Hopewell, is an agent with the FBI and is a fit and proper person to wind down the affairs of Syracuse.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Issue a decree of dissolution as to Syracuse Enterprises, LLC; and

B. Issue an Order authorizing Plaintiff to take all actions as Plaintiff deems appropriate to wind down the affairs of Syracuse Enterprises, LLC and distribute the remaining assets of Syracuse Enterprises, LLC to its Members pursuant to the terms of the Agreement (Exhibit 6) after payment of all expenses incurred by Syracuse Enterprises, LLC and paid by Plaintiff, Arthur W. Hopewell; and

C. Authorize Plaintiff to hire accountants, sign tax returns, and pay all taxes.

Van Dam Jesson & Dykstra, PLC

By: /s/ Erik H. Jesson
Erik H. Jesson (P43510)
Attorneys for Plaintiff
2010 44th Street SE
Grand Rapids, MI 49508
(616) 455-5200

6